UNITED STATES DISTRICT COURT

Northern District of California

| YGNACIO FLORES, | No. C 10-2396 MEJ |
|---|---|
| Plaintiff, | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS STATE LAW CAUSES OF ACTION** |
| v. | |
| CITY OF HAYWARD, et al., | |
| Defendants. | **(Docket #3)** |

## I. BACKGROUND

Before the Court is Defendants City of Hayward (the "City") and K. Landreth's (collectively, "Defendants") motion to dismiss Plaintiff Ygnacio Flores' ("Plaintiff") state law causes of action. (Dkt. #3.) Pursuant to Civil Local Rule 7-1(b), the Court finds this matter suitable for disposition without oral argument and hereby VACATES the September 23, 2010 hearing. Having reviewed the parties' submissions, relevant legal authority, and good cause appearing, the Court GRANTS Defendants' motion for the reasons set forth below.

## II. BACKGROUND

In his Complaint, Plaintiff alleges that on February 4, 2009, he was detained by two police officers while sitting on the front porch of the vacant residence at 1650 Hays Street in San Leandro. (Compl. ¶ 8, Dkt. #1.) His detention was based on suspicion of fleeing from the police during an earlier contact. (*Id.*) During the detention, Defendant Officer K. Landreth released his police dog on Plaintiff. (*Id.* at ¶ 9.) Plaintiff alleges he that he was not engaged in any "assaultive behavior, nor resisting arrest, nor attempting to interfere with police," and that the "dog attack was entirely unjustified by any actions of [himself] and constituted an unreasonable and excessive use of force (*Id.* at ¶¶ 9-10.)

Plaintiff filed an administrative claim with the City on July 30, 2009. (Hom Decl., Ex. A, Dkt. #4.) On August 19, 2009, the City rejected the claim. (*Id.* at Ex. B.) Plaintiff subsequently filed his complaint on May 28, 2010, over eight month after the claim was rejected. (Dkt. #1.) Plaintiff's complaint does not allege that he complied with the California Tort Claims Act (the "Act") prior to filing suit. He simply alleges that he "is in compliance with notice of claims." (Compl. ¶ 6, Dkt. #1). Plaintiff alleges federal causes of action under 42 U.S.C. §§ 1983 and 1988, as well as state law causes of action. (Dkt. #1.)

Defendants filed their motion to dismiss on July 28, 2010. (Dkt. #3.) Plaintiff filed an Opposition on August 18, 2010, (Dkt. #13), to which Defendants filed a Reply on September 1, 2010 (Dkt. #15).

### III.   DISCUSSION

Defendants move the Court to dismiss Plaintiff's state law causes of action pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) on the grounds that Plaintiff failed to comply with the California Tort Claims Act, Cal. Gov't Code § 910, *et seq.*, and the applicable statute of limitations for his state claims, and pursuant to Rule 12(b)(1) on the ground that the Court does not have a viable basis to exercise jurisdiction of Plaintiff's state pendent claims. (Defs.' Mot. at 1:25-28, Dkt. #3.)

In response, Plaintiff argues that he was in state custody from September 28, 2009 to February 15, 2010, and is therefore afforded a six-month extension of time in which to file his complaint pursuant to California Government Code section 945.6. (Pl.'s Opp'n at 2:18-22.)

Because the Court finds Defendants' Rule 12(b)(6) argument dispositive, it shall address it first.

### A.   Request for Judicial Notice

As a preliminary matter, Defendants request that the Court take judicial notice of Exhibits A and B, attached to the Declaration of Randolph S. Hom, which are copies of Plaintiff's claim presented to the City on July 30, 2010, and the City's Notice of Rejection of Claim issued on August 19, 2009. (Hom Decl., Exs. A, B, Dkt. #4.) Plaintiff has not filed an opposition to Defendants'

UNITED STATES DISTRICT COURT
For the Northern District of California

request.

Federal Rule of Evidence 201(b)(2) allows the Court to judicially notice facts "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." On a motion to dismiss, the Court may take judicial notice of matters of public record outside the pleadings. *MGIC Indemnity Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986). Pursuant to Federal Rule of Evidence 201, a court may take judicial notice of a city's official records. *Grassroots v. County of San Francisco*, 1994 WL 589359, at *2 fn.1 (N.D. Ca. 1994). The Court need not accept as true the allegations that contradict facts which may be judicially noticed. *Mullis v. United States Bank Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987).

Here, the Court finds that the documents maintained by the City, including Plaintiff's claim presented to the City on July 30, 2009, and the City's Notice of Rejection of Claim issued on August 19, 2009, are within the scope of Federal Rule of Evidence 201. Moreover, the content of the factual allegations in said documents, including the date of presentation of the claim and the issuance date of the City's notice of rejection, are not subject to dispute. Accordingly, the Court GRANTS Defendants' request and takes judicial notice of Exhibits A and B to the Declaration of Randolph S. Hom.

**B.     Legal Standard**

Pursuant to Rule 12(b)(6), a defendant may seek dismissal of a complaint for failure to state a claim upon which relief can be granted. Rule 8, which provides the standard for judging whether such a cognizable claim exists, requires only that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, to survive a motion to dismiss, a complaint need not provide detailed factual allegations. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). However, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (citation omitted).

A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face," not just conceivable. *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual

3

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Thus, threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 1950.

If the court dismisses the complaint, it "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). In making this determination, the court should consider factors such as "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." *Moore v. Kayport Package Express*, 885 F.2d 531, 538 (9th Cir. 1989).

## C. Application to the Case at Bar

Here, the relevant inquiry is whether Plaintiff complied with the requirements of the California Tort Claims Act. To comply, a written claim must include "[a] general description of the indebtedness, obligation, injury, damage or loss incurred so far as it may be known at the time of presentation of the claim." Cal. Gov't Code § 910(d). Pursuant to section 945.6(a) of the Act, any suit brought against a public entity must be commenced within six months after notice that the claim has been rejected by the municipality. *Id.* at §§ 913(a), 945.6(a). Section 945.6(b) of the Act provides an exception to the six-month requirement when a person is unable to commence a suit within the time prescribed because he has been sentenced to imprisonment in a state prison. Cal. Gov't Code § 945.6(b). In such a case, the time limit for the commencement of suit is extended to six months after the date that the civil right to commence such action is restored to such person. *Id.* However, "the time shall not be extended if the public entity establishes that the plaintiff failed to make a reasonable effort to commence the suit, or to obtain a restoration of his civil right to do so,

4

1  before the expiration of the time prescribed in subdivision (a)." *Id.* Thus, the time Plaintiff had to
2  commence this suit should be extended unless Defendants can establish that he failed to make a
3  reasonable effort to commence the suit.
4        The City's Notice of Rejection of Claim, which was addressed to both Plaintiff and his
5  counsel, Frank L. Tridente, provides in pertinent part: "Subject to certain exceptions, you have only
6  six months from the date this notice was personally delivered or deposited in the mail to file an
7  action in California state court on this claim. (See California Government Code, section 945.6.)
8  This warning does not apply to statutes of limitation for federal causes of action." (Hom Decl., Ex.
9  B, Dkt. #4.) In his opposition, Plaintiff does not dispute that he received the City's rejection of his
10 administrative claim on August 19, 2009. However, he maintains that he was unable to file a lawsuit
11 against Defendants until after the time prescribed by the Act because he "had been sentenced to
12 imprisonment in a state prison from September 28, 2009 to February 15, 2010." (Tridente Decl. at
13 4:24-27, filed concurrently with Pl.'s Opp'n, Dkt. #13.)
14       Here, thirty-nine (39) days passed between August 19, 2009, the date on which the City
15 rejected Plaitniff's claim, to September 28, 2009, the date on which Plaintiff's sentence to
16 imprisonment commenced. And yet, in his opposition, Plaintiff fails to provide any reason why he
17 did not file suit at an earlier date after his claim was rejected by the City. Instead, Plaintiff simply
18 cites to section 945.6(b) and implies, without explanation, that the Court should apply the six-month
19 extension. However, the six-month extension is not applicable unless Plaintiff made a reasonable
20 effort to commence the suit in a timely manner. Cal. Gov't Code § 945.6(b). The Court finds that
21 Defendants have shown that he did not. First, the Court notes that Plaintiff is represented by
22 counsel, and counsel has failed to provide any reason why he could not make a reasonable effort to
23 commence the present suit. Even in the event that his counsel did not have authorization to file suit
24 at the time the City rejected the claim, Plaintiff has not shown that counsel could not locate him in
25 prison and obtain his consent. Second, since Plaintiff received the City's rejection of his claim
26 before his incarceration, nothing precluded him from filing a pro se legal action. Pro se legal actions
27 are routinely filed by prisoners.
28

Instead, Plaintiff chose to file suit in this action on May 28, 2010, over eight months after the City rejected his claim. Pursuant to section 945.6(b), a plaintiff can extend the filing period only if he has made a reasonable effort to commence the suit, or obtained a restoration of his civil right to do so. Cal. Gov't Code § 945.6(b). The Court finds no evidence that Plaintiff made a reasonable effort to commence the suit in a timely manner. Thus, since Plaintiff failed to file his Complaint in compliance with the statute of limitations, the Court has no pendent jurisdiction over his state causes of actions. Accordingly, all state law claims in the Complaint are DISMISSED WITH PREJUDICE.

## IV.   CONCLUSION

Based on the analysis above, the Court hereby GRANTS Defendants' motion and DISMISSES Plaintiff's state law causes of action WITH PREJUDICE.

**IT IS SO ORDERED.**

Dated: September 2, 2010

_____
Maria-Elena James
Chief United States Magistrate Judge