1  MICHAEL S. LAWSON (SBN 048172)
   City Attorney
2  RANDOLPH S. HOM (SBN 152833)
   Assistant City Attorney
3  CITY OF HAYWARD
   777 "B" Street
4  Hayward, California 94541
   Telephone: (510) 583-4450
5  Facsimile:  (510) 583-3660

6  Attorneys for Defendants CITY OF HAYWARD,
   and K. LANDRETH
7
   FRANK L. TRIDENTE (SBN 98273)
8  Attorney at Law
   24072 Myrtle Street
9  Hayward, California 94541
   Telephone: (510) 581-5000
10 Facsimile: (510) 581-5026

11 Attorney for Plaintiff YGNACIO FLORES

GRANTED
Judge Maria-Elena James

12           UNITED STATES DISTRICT COURT

13           NORTHERN DISTRICT OF CALIFORNIA

14 YGNACIO FLORES                    Case No:. C 10 02396 (MEJ)

15           Plaintiff,              JOINT CASE MANAGEMENT
                                     CONFERENCE STATEMENT
16      -vs-
                                     Date:      March 17, 2011
17 CITY OF HAYWARD, and K. LANDRETH, Time:      1:30 p.m.
                                     Courtroom: B
18           Defendants
                                 /
19

20      1.   Jurisdiction.

21 **Plaintiff**:

22      Jurisdiction is based up ton Title 28 U.S.C. Sections 1331, 1343 and 1341 and as stated in

23 the complaint.

24 **Defendants**:

25      All named parties are purportedly subject to the Court's jurisdiction pursuant to Title 28

26 of the United States Code Sections 1331 and 1343. Defendants CITY OF HAYWARD ("City")

27 and K. LANDRETH ("Landreth") filed a motion to dismiss all state claims. Pursuant to Court

28 Order all state claims plead against Defendants were dismissed with prejudice. Defendants

---

1  answered as to plaintiff's remaining federal claims.

2  2.   Substance of Action.

3  **Plaintiff's Claim**:

On February 4, 2009, Plaintiff was being detained by two police officers for suspicion of earlier fleeing the police in a vehicle. He was unarmed and under their control. He was not engaged in assaultive behavior, not resisting arrest or interfering with the police officer's execution of duties. Defendant Officer K. Landreth then approached the scene with his police service dog, and released the dog who had been under his control resulting in severe and permanent injuries to Plaintiff.

**Defendants' Claim**:

On February 4, 2009, at approximately 3:40 a.m., Alameda County Sheriff's Office ("ACSO") attempted to stop a vehicle driven by Plaintiff Ygnacio Flores ("Flores") with three passengers to determine their involvement in numerous automobile thefts. Rather than stop, Flores' vehicle lead ACSO on a high speed pursuit at speeds of approximately 95 miles per hour on Highway 880 and city streets which terminated when the vehicle crashed in front of 215 Parrot Street in San Leandro. Four persons fled from the vehicle on foot including Flores. ACSO set up a perimeter in the area of Washington Boulevard and Parrot Street. Hayward Police Department ("HPD") Officer Landreth responded to the area with his police service dog ("PSD") to assist with the search. Landreth and his PSD searched several residential yards. Landreth announced several times, "Hayward Police with a K9! Surrender to an officer now or the dog will find you and bite you!". Flores failed to reply and did not surrender. Due to darkness, obstructions to his field of vision, and in the interests of officer safety, Landreth commanded the PSD to search for Flores. The PSD made contact with Flores. Flores was taken into custody by ACSO.

3. Identification of Issues

**Plaintiff**:

The main issues involve whether the Defendants actions constituted unreasonable and excessive use of force; whether Defendants actions subject them to punitive damages, whether Plaintiff's

1 damages were cause by defendant's actions and whether Defendant City is liable.

2 **Defendants**:   The principal issues in dispute are the following: whether the force used by the
3 Defendant police officer was reasonable; whether Defendant police officer is entitled to qualified
4 immunity; whether Plaintiff's damages were caused by Defendant's action; whether the City is
5 liable for Defendant police officer's conduct; whether Plaintiff is entitled to an award of punitive
6 damages.

7    4.   Narrowing of Issues.

8 **Plaintiff**:

9 Same as #3.

10 **Defendants**:   That the force used by the Defendant police officer, if any, was reasonable; that
11 Defendant police officer is entitled to qualified immunity; that Plaintiff's damages were caused
12 by Defendant's action; that the City is liable for Defendant police officer's conduct; that Plaintiff
13 is entitled to an award of punitive damages.

14 5.   Motions

15 **Plaintiff**:   Motion to Restore Stated Causes of Action

16 **Defendants**:   Absent agreement, dispositive motion re above.

17 6.   Relief.  Plaintiff prays for the following damages according to proof: compensatory
18 damages, punitive damages; attorneys fees and costs.

19 7.   Evidence Preservation/Disclosures/Discovery.

20    The parties anticipate that initial disclosures shall be made on or before the initial case
21 management conference.  The parties anticipate conducting discovery as per the protocol defined
22 in the FRCP including taking the depositions of all parties, and third party witnesses. In the event
23 that the number of witnesses to be deposed exceeds the maximum under the FRCP, the parties
24 shall seek relief from the Court.  The parties also anticipate serving written discovery including
25 but not limited to interrogatories, request for production of documents, request for admissions,
26 and subpoena duces tecum prior to the non-expert discovery cut-off date.

27 8.   ADR. On December 8, 2010, the parties completed three hours of mediation. The parties
28 were set to continue the mediation process on February 16, 2011, however due to outstanding

1  discovery, the mediation will be reset to May 2011.

2  9.   Trial.  The parties anticipate a ten-day trial, including jury selection.

3  10.  Related Cases. None.

4  11.  Proposed Schedule:

To assist with the mediation process and given the facts in dispute, plaintiff served defendants with written discovery which is due for response in early March 2011.  Plaintiff also desires to complete some depositions including the plaintiff and involved officer(s) before the next mediation session takes place. Accordingly, the parties anticipate that the aforementioned discovery will likely be completed in April 2011, with the mediation process to be completed in May 2011.

Since the mediation is not yet complete, it is premature to set a schedule at this time. Accordingly, in the interests of judicial economy, the parties propose that this matter be reset for further case management conference after the mediation process is completed, on June 9, 2011, or at a later date so the parties may further report on mediation progress.

12.  Disclosure of Non-party Interested Entities or Persons. Plaintiff plans to file/filed his required disclosure pursuant to Civil Local Rule 3-16. Pursuant to Civil Local Rule 3-16, Plaintiff certifies that as of this date, other than the named parties, there is no such interest to report. Defendants are exempt from filing the Disclosure of Non-party Interested Entities or Persons pursuant to Local Rule 3-16.

DATED: February 25, 2011            LAW OFFICES OF FRANK L. TRIDENTE

By:      /s/
         FRANK L. TRIDENTE
         Attorney for Plaintiff  YGNACIO FLORES

DATED: February 25, 2011            MICHAEL S. LAWSON, City Attorney

By:      /s/
         RANDOLPH S. HOM,
         Assistant City Attorney
         Attorneys for Defendants CITY OF HAYWARD
         and K. LANDRETH